```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

TYRONE HURT,
      Plaintiff,

      v.                                CIVIL ACTION NO.
                                            13-11803-DPW

UNITED STATES OF AMERICA,
      Defendant.

## MEMORANDUM AND ORDER

On July 26, 2013, Tyrone Hurt, a resident of Washington, D.C., submitted filed a handwritten complaint against the United States of America.  See Docket No. 1.  Through this action, plaintiff seeks implementation of the twenty-third Amendment to the United States Constitution[1] such that Washington, D.C. becomes the fifty-first state of the United States.  Id.

The Court's records indicate that plaintiff is a frequent filer of frivolous litigation, under the surnames Hurt and Hunt. In fact, last year he filed a similar action complaining that it is a violation of the twenty-third amendment to deny statehood to the District of Columbia. See Hurt v. United States, No. 3:12-cv-03140-JSW (N.D. Calif. 2012) (order denying application to proceed in forma pauperis and dismissing complaint with leave to amend).  More importantly, plaintiff has had filing restrictions imposed upon him by the federal district courts for the District of Columbia, the Eastern District of California and, most recently, the District of Massachusetts.  See 06/20/13 Order, Docket No. 5, Hunt v. All Neo-Nazis, C.A. No. 13-11321-RWZ

---

[1] The twenty-third Amendment to the United States Constitution provides for Presidential Electors for the District of Columbia.

(referencing plaintiff's litigation history and enjoining plaintiff from filing new cases in the District of Massachusetts without first submitting a written petition seeking leave to do so, and obtaining permission from the court); 06/20/13, Docket No. 5, Hunt v. D.C. Metropolitan Police Dep't, C.A. No. 13-11323-RWZ; 06/20/13, Docket No. 4, Hunt v. Hon. Colleen Kollar-Kotelly, C.A. No. 13-11324-RWZ.

A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). This Court also has inherent authority to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance. See Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, inter alia, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307-308, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

I find that the instant action is one that is encompassed by Judge Zobel's Order enjoining plaintiff. I further find that plaintiff has failed to comply with the directives contained therein. He has not sought leave to file the instant action and

I decline to permit him leave.  At this juncture, it is clear that his claim is frivolous and fails to state any plausible claim upon which relief may be granted.

Based on the foregoing, it is hereby Ordered that this action is <u>DISMISSED</u>.  Hurt is reminded that he is subject to the Order enjoining him.  The Clerk shall send with this Memorandum and Order a copy of the June 20, 2013 Memorandum and Order.
SO ORDERED.

<u>August 24, 2013</u>                             <u>/s/ Douglas P. Woodlock   </u>
DATE                                      DOUGLAS P. WOODLOCK
                                          UNITED STATES DISTRICT JUDGE